UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY BROWN,

                Plaintiff,                  Civil Action No. 19-12965
                                                          Honorable Terrence G. Berg
v.                                                     Magistrate Judge David R. Grand

COMMISSIONER OF
SOCIAL SECURITY,

                Defendant.
_____/

**REPORT AND RECOMMENDATION TO DENY DEFENDANT'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT (ECF No. 9)**

**I.    REPORT**

    **A.    Factual Background**

Plaintiff Timothy Brown ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g), challenging the final decision of Defendant Commissioner of Social Security ("Commissioner") denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act (the "Act"). (ECF No. 1). This case has been referred to the undersigned for all pretrial matters pursuant to 28 U.S.C. § 636(b). (ECF No. 3).

On December 24, 2015, following remand from this Court, an administrative law judge ("ALJ") issued a written decision denying Plaintiff's applications for DIB and SSI. (ECF No. 9-6). A copy of this decision was mailed to Plaintiff and his attorney that same day, along with a notice informing Plaintiff that he had 30 days to file written exceptions

to the ALJ's decision with the Appeals Council. (*Id.*, PageID.70). The notice also informed Plaintiff that if he did not file timely written exceptions, and the Appeals Council did not choose to review the ALJ's decision on its own, the ALJ's decision would become final on the 61st day following the date of the notice (i.e., February 23, 2016). (*Id.*, PageID.71). The notice explained that Plaintiff would lose his right to federal court review of the ALJ's decision if he failed to file a civil action during the 60-day period following the date the decision became final (i.e., on or before April 23, 2016). (*Id.*).

On February 19, 2016 – 57 days after the ALJ's decision was issued – Plaintiff submitted written exceptions to the Appeals Council via facsimile.[1] (ECF No. 9-1 at ¶ 4(f); ECF No. 9-7). As detailed below, over the next 2½ years, Plaintiff's counsel and representatives of the Appeals Council corresponded on multiple occasions regarding Plaintiff's appeal. However, on August 28, 2019, the Appeals Council issued a notice, informing Plaintiff that his written exceptions were untimely. (ECF No. 9-2 at ¶ 4(f); ECF No. 9-8). In that correspondence, Plaintiff was further advised that the ALJ's December 24, 2015 decision was the final decision of the Commissioner after remand. (ECF No. 9-8, PageID.101).

After Plaintiff filed his complaint in this Court on October 9, 2019, the Commissioner responded by filing the instant motion to dismiss, arguing that the complaint was untimely. (ECF No. 9). Plaintiff filed a response in opposition, conceding that he

---

[1] Although Plaintiff asserted in his written exceptions that he had "been allowed until February 28, 2016, to fax" his exceptions to the Appeals Council (ECF No. 9-7, PageID.90), there is no evidence in the record that this was in fact the case.

2

missed the "30 day review limit by a few weeks" but arguing that such an error was "miniscule in comparison to the Appeals Council continu[ally] mishandling the request for appeals for 2 ½ years[.]" (ECF No. 10, PageID.110). Along with his response, Plaintiff submitted an affidavit from one of his attorney's employees, Jannette L. Shaffer, who acknowledged that she was "the person who mis-docketed the time for filing an appeal in this case for [the] standard 60 days [which would follow an initial claim denial] rather than 30 days, as this case had been returned from the United States District Court, Eastern Division." (ECF No. 10-1, PageID.113). Ms. Shaffer then went on to provide details about several conversations and communications she had with Appeals Council representatives between February 2016 and August 2019 regarding the filing of Plaintiff's exceptions. Specifically, Ms. Shaffer avers as follows:

> 3. On February 19, 2016, I filed the appeal with the Appeals Council.
>
> 4. On February 29, 2016, I spoke with Lucinda from the Appeals Council, who requested that the appeal be faxed again and I did so on that date.
>
> 5. On February 9, 2017, Mr. Brown called concerning the status of his appeal.
>
> 6. On February 17, 2017, I spoke with Annette Schneck of the Appeals Council concerning the status of this case and was advised by her that I should fax another copy to her and she would see that it was forwarded to the Court Case Branch. That was done on February 17, 2017.
>
> 7. On September 6, 2018, Mr. Brown called concerning the status of his appeal. I called the Appeals Council and spoke with Annette Schneck concerning the status of this case and was advised by her that I should fax another copy to her and she would see that it was forwarded to the Court Case Branch again. That was done on September 6, 2018. On this same day, I received a telephone call from Annette Schneck indicating that she had received the fax and

3

>       that she would forward it to the Court Case Branch again with a memo to the supervisor.
>
>   8. On June 13, 2019, I again contacted the Appeals Council concerning the status of this case, as there was additional medical to be submitted. I was advised that the case was being reviewed and any additional medical should be faxed. Therefore, on June 13, 2019, I sent a letter to the Appeals Council, Court Branch 3, with additional medical records.
>
>   9. On June 17, 2019, [Attorney] Robison received an e-mail from Amie Balla, Supervisory Legal Assistant of CCPRB 3, Section 1, which he forwarded to me, indicating that she had received the fax sent on June 13, 2019, but that the last four (4) pages were missing and would I please re-fax those pages. That request was fulfilled June 17, 2019.
>
>   10. On June 19, 2019, I received a fax from Ms. King, requesting a copy of the Memo which was attached to the Request for Review dated February 19, 2016 and that was done June 20, 2019.

(*Id.*, PageID.113-115). Plaintiff apparently heard nothing more from the Appeals Council until receiving its notice, dated August 28, 2019, indicating that his exceptions were untimely. (ECF No. 9-8).

**B.  Legal Standards**

Because both parties have submitted affidavits supporting their respective positions, the Court must treat the Commissioner's motion as a motion for summary judgment pursuant to Rule 56. *See* Fed. R. Civ. P. 12(d). *See also Reeves v. Hogle,* No. 4:04-CV-147, 2006 WL 572708, at *2 (W.D. Mich. Mar. 8, 2006); *Caley v. Astrue*, No. 5:11-cv-1146, 2011 WL 5545906, at *2 (N.D. Ohio Oct. 27, 2011). Rule 56 provides: "The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Pittman v. Cuyahoga County Dep't of Children & Family Servs.*, 640

4

F.3d 716, 723 (6th Cir. 2011). A fact is material if it might affect the outcome of the case under governing law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In determining whether a genuine issue of material fact exists, the Court assumes the truth of the non-moving party's evidence and construes all reasonable inferences from that evidence in the light most favorable to the non-moving party. *See Ciminillo v. Streicher*, 434 F.3d 461, 464 (6th Cir. 2006).

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion, and must identify particular portions of the record that demonstrate the absence of a genuine dispute as to any material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009). "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.'" *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). In response to a summary judgment motion, the opposing party may not rest on its pleadings, nor "'rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact' but must make an affirmative showing with proper evidence in order to defeat the motion." *Alexander*, 576 F.3d at 558 (quoting *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989)).

**C. Analysis**

Section 205(g) of the Act provides that:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision **by a**

5

> **civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.**

42 U.S.C. § 405(g) (emphasis added). This 60-day statute of limitations serves the dual purpose of eliminating stale claims and providing "a mechanism by which Congress [is] able to move cases to speedy resolution in a bureaucracy that processes millions of claims annually." *Bowen v. City of New York*, 476 U.S. 467, 481 (1986). Courts strictly construe the statute of limitations in Social Security appeals. *See Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 437 (6th Cir. 2007) (affirming district court's dismissal of complaint filed one day late).

### 1. *Plaintiff's Complaint Was Not Timely Filed*

Where, as here, a case has been remanded by a federal court for further consideration, the decision of the ALJ becomes the final decision of the Commissioner unless the Appeals Council assumes jurisdiction of the case, whether based on the claimant's written exceptions to the ALJ's decision or on the Appeals Council's own authority. *See* 20 C.F.R. § 404.984(a). Exceptions to the ALJ's decision must be filed within 30 days of the date the claimant receives the decision, unless a timely-filed request for extension is granted. *See* 20 C.F.R. § 404.984(b)(1). If exceptions are not timely filed, and the Appeals Council does not otherwise assume jurisdiction within 60 days of the date of the ALJ's decision under 20 C.F.R. § 404.969(a), that decision becomes "the final decision of the Commissioner after remand." *See* 20 C.F.R. § 404.984(c) and (d). The claimant would then have an additional 60 days to commence a civil action for judicial review of the final decision. 42 U.S.C. § 405(g).

6

Here, the Commissioner has established, via affidavit, that, on December 24, 2015, the SSA mailed Plaintiff a copy of the ALJ's decision, along with a notice informing Plaintiff of his right to file written exceptions to the ALJ's decision within 30 days of receipt of the notice, or to request an extension within the same time period. (ECF No. 9-1 at ¶4 (e); ECF No. 9-6). The notice also explained that the ALJ's decision would become final on the 61st day following the date of the notice if Plaintiff did not file timely written exceptions and the Appeals Council did not choose to review the decision on its own. (ECF No. 9-6, PageID.71). The notice further advised Plaintiff that, after the decision became final, he had 60 days to file a civil action in federal district court or he would lose his right to court review. (*Id.*). Finally, the notice reiterated that if Plaintiff disagreed with the ALJ's decision, he should file exceptions within 30 days, or file a civil action in federal court between the 61st and 121st day after the date of the notice. (*Id.*, PageID.71-72).

It is undisputed that Plaintiff did not file exceptions to the ALJ's decision until February 19, 2016. (ECF No. 9-1 at ¶ 4(f); ECF No. 10-1, PageID.113). Thus, where the SSA mailed the ALJ's decision and the notice on December 24, 2015, Plaintiff's exceptions were filed nearly one month after the 30-day time limit set forth in 20 C.F.R. § 404.984(b). There is no indication that the Appeals Council "decide[d] on its own motion to review the action that was taken in [this] case" pursuant to 20 C.F.R. § 404.969(a), as no notice of review was ever provided to the parties under 20 C.F.R. § 404.973. In accordance with 20 C.F.R. § 404.984(d), then, the ALJ's decision became the final decision of the Commissioner on February 23, 2016. After the decision became final, Plaintiff had 60 days (*i.e.*, until April 23, 2016) to commence an action in federal court. *See* 42 U.S.C. §

7

405(g). Thus, the Commissioner is correct that, absent some form of relief, Plaintiff's complaint, filed in this Court on October 9, 2019, is untimely. (ECF No. 1).

### 2. *Equitable Tolling is Warranted*

Under certain circumstances, courts will extend the filing period, if "the equities in favor of tolling the limitations period are 'so great that deference to the agency's judgment is inappropriate.'" *Bowen*, 476 U.S. at 480 (quoting *Mathews v. Eldridge*, 424 U.S. 319, 330 (1976)). A litigant may be entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The second prong of the equitable tolling test is met "only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control." *Menominee Indian Tribe of Wisc. v. United States*, 136 S. Ct. 750, 756 (2016) (emphasis in original).

Here, Plaintiff first argues that equitable tolling is warranted because he lacked actual knowledge of the filing deadline. (ECF No. 10, PageID.110). In support of this argument, Plaintiff submits Ms. Shaffer's affidavit, in which she avers that she "mis-docketed" the appeal deadline in this case. (ECF No. 10-1, PageID.113). The Sixth Circuit has held, however, that "a mistaken belief in calculating [a filing deadline] does not constitute an extraordinary circumstance sufficient to warrant equitable tolling." *Taylor v. Palmer*, 623 F. App'x 783, 789 (6th Cir. 2015). Thus, this fact alone does not warrant equitable tolling.

At the same time, however, evidence provided by Plaintiff of the interactions

between Ms. Shaffer and the Appeals Council between the time his exceptions were filed and when they ultimately were rejected as untimely, suggests that Plaintiff may have been misled into believing that his exceptions were at least being considered on their merits. As set forth in greater detail above, Ms. Shaffer avers that:

- On February 29, 2016, she spoke with the Appeals Council, who requested that the appeal be re-faxed (which Ms. Shaffer did).

- More than one year later, when Plaintiff still had not heard anything, Ms. Shaffer called the Appeals Council and spoke with Annette Schneck, who advised her to fax in another copy of the exceptions (which was done). Purportedly, the exceptions were being forwarded to the Court Case Branch.

- On September 6, 2018, after another year passed with no word from the Appeals Council, Ms. Shaffer called and again spoke with Annette Schneck. At that time, Ms. Shaffer was advised to fax in *another* copy of the exceptions. Ms. Schneck later confirmed receipt of the fax and indicated that she would again forward it to the Court Case Branch, this time with a memo to the supervisor.

- On June 13, 2019, Ms. Shaffer again contacted the Appeals Council concerning the status of this case, as there was additional medical evidence to be submitted. She was advised that the case was being reviewed and any additional medical documentation should be faxed (which Ms. Shaffer did). A few days later, Plaintiff's attorney was contacted and asked to re-fax the last four pages of this transmission because they were missing.

(ECF No. 10-1, PageID.113-115). At no point during any of these communications was Plaintiff advised that his exceptions were untimely or that they would not be considered on that basis.

In this case, there is no dispute that Plaintiff filed exceptions that were untimely. But, he did so well before his time for filing a district court action expired; thus, had he been advised that his exceptions were untimely, he could have timely filed suit in this Court. Instead, for more than 2½ years, Plaintiff received no indication from the Appeals

9

Council that his exceptions were untimely. On the contrary, it appears that, during that time, the Appeals Council repeatedly gave Plaintiff's representatives the impression that his exceptions were being considered on their merits; the Appeals Council repeatedly asked for copies of Plaintiff's exceptions, advised him that he should send in any additional medical evidence that bore on his appeal, and then accepted such additional records. All of this would have at least arguably suggested to a reasonable person that the Appeals Council was still considering review of the ALJ's decision, and that it had not deemed Plaintiff's exceptions untimely. Under these unique facts, then, the Court finds this situation sufficiently extraordinary as to warrant application of the doctrine of equitable tolling. *See Carrol v. Sullivan*, 802 F. Supp. 295, 299-300 (C.D. Cal. 1992) (applying equitable tolling where the Appeals Council's conduct was "misleading"). As a result, the Commissioner's summary judgment motion should be denied.[2]

## II. RECOMMENDATION

For the reasons set forth above, the Court **RECOMMENDS** that the Commissioner's Motion to Dismiss **(ECF No. 9)** be **DENIED**.

Dated: February 24, 2020  
Ann Arbor, Michigan

s/David R. Grand  
DAVID R. GRAND  
United States Magistrate Judge

---

[2] *Tessier v. Saul*, No. 2:19-cv000401-DBP, 2019 WL 6118440, at *3-4 (D. Utah Nov. 18, 2019), a case cited by the Commissioner in his reply brief, does not compel a different conclusion. In that case, which is presently on appeal to the 10th Circuit, the plaintiff's exceptions were due by January 7, 2019, but were not received by the Appeals Council until February 2, 2019. *Id.* at *1. By letter dated March 25, 2019, the Appeals Council advised Tessier that her exceptions were untimely. This left Tessier with enough time to timely file a federal court action (on or before April 3, 2019), should she choose to do so. *Id.* at *2. Here, however, Plaintiff was not advised that his exceptions were untimely until more than 2½ years passed from their filing, leaving him without the option to file suit in federal court. Thus, *Tessier* is distinguishable from Brown's case.

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation and Order, any party may serve and file specific written objections to the proposed findings and recommendations and the order set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections must be served upon the Magistrate Judge. *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 24, 2020.

s/Eddrey O. Butts
EDDREY O. BUTTS
Case Manager
