UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **TIMOTHY BROWN** | 2:19-CV-12965-TGB-DRG |
| Plaintiff, | **ORDER ADOPTING REPORT AND RECOMMENDATION (ECF NO. 21)** |
| vs. | |
| **COMMISSIONER OF SOCIAL SECURITY** | |
| Defendant. | |

This matter is before the Court on Magistrate Judge David R. Grand's Report and Recommendation of March 26, 2021, recommending that Plaintiff's motion for summary judgment be denied, that Defendant's motion for summary judgment be granted, and that the findings and conclusions of the Commissioner be affirmed. ECF No. 21. The Court has reviewed Magistrate Judge Grand's Report and Recommendation, and Plaintiff's objections thereto. For the reasons set forth below, Plaintiff's objections are **OVERRULED**, and the Report and Recommendation is **ACCEPTED** and **ADOPTED** as the Court's findings of fact and conclusions of law. Consequently, the decision of the Commissioner denying Plaintiff's disability claim is **AFFIRMED**.

## I.    BACKGROUND

Timothy Brown alleges disability since January 1, 2010 primarily based on back pain, knee pain, and anxiety. Admin. R., ECF No. 15-2, PageID.183. He filed claims for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB) on May 27, 2010. *Id.*

After an October 2010 hearing, ALJ Theodore Grippo found Brown had severe lumbar and left shoulder disorders in addition to severe anxiety and affective disorders. *Id.* Despite this, he found Brown was not disabled under the Social Security Act because he was able to perform past relevant work as a fast-food cook. *Id.* at PageID.188, 193.

Brown appealed this initial decision to the Appeals Council, which denied review on July 25, 2013. R. & R., ECF No. 21, PageID.1492, n. 1. He also reapplied for the same benefits on October 8, 2013. *Id.* at PageID.1492. However, on March 31, 2015, this Court remanded Brown's initial case to the Appeals Council because his work as a fast-food cook did not meet the "substantial gainful activity" level necessary to qualify as past relevant work. *Id.* at PageID.1492, n. 1. The Appeals Council then remanded Brown's initial case to an ALJ with an order to consolidate it with his second application. *Id.*

ALJ Amy Rosenberg held a hearing on Brown's consolidated applications on September 16, 2015. Admin. R., ECF No. 15-8, PageID.687. After applying the five-step analysis the SSDI regulations prescribe for determining whether an individual is disabled, ALJ

2

Rosenberg issued a decision on December 24, 2015 finding Brown was not disabled at Step Five. *Id.* at PageID.700. Specifically, after finding Brown retained a Residual Functional Capacity (RFC) to perform light, unskilled work, *id.* at PageID.695, she determined he could not perform past relevant work but could adjust to other jobs that existed in significant numbers in the national economy. *Id.* at PageID.698, 700.

Brown filed for review with this Court on October 9, 2019. ECF No. 1. In his Motion for Summary Judgment, Brown argued ALJ Rosenberg erred by (1) failing to discuss listing 1.04A at Step Three of her decision, Mot., ECF No. 17, PageID.1444, (2) failing to include Brown's moderate mental impairments in Brown's RFC, *Id.* at PageID.1448-49, and (3) assigning little weight to statements from Brown's treating physician, Dr. Andrea Breese, that Brown was disabled. *Id.* at PageID.1453.

Magistrate Judge Grand recommended this Court deny Brown's Motion. R. & R., ECF No. 21, PageID.1507. Specifically, he found the ALJ's failure to consider listing 1.04A is a harmless error at most. *Id.* at PageID.1496. Judge Grand also found the ALJ properly accounted for Brown's moderate mental impairments in the RFC. *Id.* at PageID.1502-03. Finally, Judge Grand found the ALJ appropriately discounted Dr. Breese's opinions. *Id.* at PageID.1505-06.

Now, Brown makes three objections to the R&R. He contends that (1) the ALJ erred by failing to explicitly discuss listing 1.04A at Step Three, and this cannot be a harmless error, Obj., ECF No. 22,

3

PageID.1511-12; (2) the ALJ did not incorporate Brown's mental impairments in her hypothetical to the Vocational Expert and subsequently erred in determining his RFC, *Id.* at PageID.1513-15; and (3) the ALJ improperly discounted two statements from Brown's treating physician. *Id.* at PageID.1515-16.

## II. STANDARD OF REVIEW

The law provides that either party may serve and file written objections "[w]ithin fourteen days after being served with a copy" of the report and recommendation. 28 U.S.C. § 636(b)(1). Brown filed a timely objection to the Report and Recommendation (ECF No. 22) and the Commissioner filed a response to Brown's objection (ECF No. 23). This Court must conduct a de novo review of the parts of a report and recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

For any parts of the report and recommendation reviewed de novo, the Court's judicial review is nevertheless circumscribed: the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the

4

record."[1] *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). Substantial evidence is not a high standard, requiring "more than a scintilla of evidence but less than a preponderance." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

Different kinds of evidence are generally given different weight. Evidence can come from an "acceptable medical source" or "other sources." 20 C.F.R. §§ 404.1513 (amended March 27, 2017), 416.913 (amended March 27, 2017). An opinion from a medical source who has examined the claimant is generally given more weight than one who has not. The opinion of someone who regularly treats the claimant (treating-source opinion) must be given "controlling weight" if "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and "not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); *see also Gayheart v. Comm'r of Soc. Sec.,* 710 F.3d 365, 375 (6th Cir. 2013).

### III.   ANALYSIS

### 1. The ALJ's failure to expressly discuss listing 1.04A at Step Three is at most a harmless error.

Brown's first Objection argues ALJ Rosenberg did not justify her finding that Brown did not meet or equal any listed impairment. Obj., ECF No. 22, PageID.1511. In response, the Commissioner argues that

---

[1] The ALJ's decision stands as the Commissioner's final decision. *See* 20 C.F.R. § 404.981.

the ALJ's failure to specifically discuss listing 1.04A was harmless. Resp., ECF No. 23, PageID.1519.

At Step Three, the ALJ considers whether a claimant's impairment meets or medically equals the criteria of any impairment listed in Appendix 1 to Subpart P of the SSDI regulations. 20 C.F.R. § 404.1520 (a)(4)(iii). If the ALJ determines a claimant meets or medically equals a listed impairment, the claimant is disabled. *Id.* A claimant must satisfy each of the listing's criteria for an ALJ to find the claimant disabled under the listing at this step. *Id.* at § 404.1525 (c)(3). The ALJ must discuss a particular listing where the record raises "a substantial question as to whether the claimant could qualify as disabled" under that listing. *Smith-Johnson v. Comm'r of Soc. Sec.*, 579 F. App'x 426, 432 (6th Cir. 2014) (quoting *Abbott v. Sullivan*, 905 F.2d 918, 925 (6th Cir. 1990)). To create a substantial question, a claimant must point to specific evidence that demonstrates the claimant could reasonably meet or equal every requirement of the listing. *Id.*

Judge Grand appropriately analyzed the record to see whether evidence created a substantial question that would have required the ALJ to discuss listing 1.04A. Brown cannot point to evidence showing he meets all the listing's criteria, so the ALJ was not required to specifically evaluate it. Further, her discussion of relevant evidence adequately demonstrates why she determined Brown did not meet any listing.

6

### a. The ALJ was not required to discuss listing 1.04A.

Generally, "[i]t is an elemental principle of administrative law that agencies are bound to follow their own regulations." *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 545 (6th Cir. 2004). An ALJ's failure to follow its agency's procedural regulations may be reversible error, even if substantial evidence ultimately supports the decision, where that failure deprives claimants of a procedural protection. *Id.* at 547. However, a Social Security ALJ does not need to discuss listings the applicant clearly does not meet. *Smith-Johnson*, 579 F.3d at 432 (citing *Sheeks v. Comm'r of Soc. Sec. Admin.*, 544 F.App'x 639, 641 (6th Cir. 2013)). Further, a *de minimis* or minor violation of a procedural protection may be a harmless error. *Wilson*, 378 F.3d at 545.

Here, Brown did not point to evidence creating a substantial question he could meet listing 1.04A, so the ALJ was not required to discuss it. Even if the ALJ's failure to discuss 1.04A was a procedural violation, she discussed evidence relevant to his inability to meet listing 1.04A, which allows Brown and this Court to see how she concluded he did not meet any listing.

### i. The record does not create a substantial question as to whether Brown can meet listing 1.04A.

Even if the ALJ's listing analysis was lacking, she was not required to discuss listing 1.04A because Brown did not raise a substantial question as to whether he could meet it. Listing 1.04A requires

"[e]vidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight leg raising test (sitting and supine)." 20 C.F.R. pt. 404, subpt. P, app. 1 § 1.04(A). Brown argues the ALJ's failure to discuss the listing is not harmless because it ignores significant evidence favorable to him. Obj., ECF No. 22, PageID.1512. The Commissioner and Judge Grand agree that the evidence demonstrates Brown cannot meet or equal listing 1.04A. Resp., ECF No. 23, PageID.1519.

The ALJ need only discuss a listing where the record raises "a substantial question as to whether [the claimant] could qualify as disabled" under a listing. *Smith-Johnson*, 579 F. App'x at 432 (quoting *Abbott v. Sullivan*, 905 F.2d 918, 925 (6th Cir. 1990)). To create a substantial question, a claimant must point to specific evidence that demonstrates the claimant could reasonably meet or equal every requirement of the listing. *Id.* A claimant must do more than point to evidence on which the ALJ *could have* based her finding regarding whether the claimant met a listing in the record. *Id.* (citing *Sheeks*, 544 F.App'x at 641-42 (6th Cir. 2013)) (emphasis added).

For example, in *Smith-Johnson*, the claimant only pointed to a checked-box statement from a physician stating she met the listing at issue, and the court found this was not enough raise a substantial

8

question. *Id*. at 433-34. Brown does slightly more here: he points to a report from Dr. Iman Abou Chakra, who observed "fluctuating" and "intermittent" pain which "[Brown] describes as numbness and tingling," and suggests this is evidence of a disabling spinal condition. Obj., ECF No. 22, PageID.1515. However, this evidence appears subjective, which is insufficient to raise a question as to whether Brown can satisfy the listing. 20 C.F.R. pt. 404, subpt. P, app. 1 § 1.00(D) ("[P]hysical findings must be determined on the basis of objective observation during the examination and not simply a report of the individual's allegation; e.g., 'He says his leg is weak, numb.'").

Even if Dr. Chakra's note is read generously as objective evidence, it is not enough to raise a substantial question in light of the whole record. In *Sheeks*, the claimant pointed to his failure to finish high school and special education classes in order to establish a requirement of the listing at issue: subaverage intellectual functioning with onset before age 22. 544 F.App'x at 642. However, the court found this was a "mere toehold in the record on an essential element of the listing," and held it was insufficient because the record showed he later earned a GED and did not continue in special education during high school. *Id*. Similarly here, negative MRI results and straight leg tests show there is no substantial question as to whether Brown can meet the nerve-root impingement element of listing 1.04A. R. & R., ECF No. 21, PageID.1500-01.

Even a failure to discuss *objective* evidence of one element when analyzing a listing is not a remand-worthy error if a claimant cannot meet the rest of the criteria. In *Harrison v. Commissioner of Social Security*, No. 18-10374, 2019 WL 4450983 (E.D. Mich. Sept. 17, 2019), the ALJ failed to discuss straight leg tests showing nerve root impairment when evaluating listing 1.04, but the court found this did not require remand because the claimant's records showed normal strength, reflexes, and sensation. *Id.* at *8-9. Brown's records show the same. R. & R., ECF No. 21, PageID.1500-01. Therefore, as in *Harrison*, even if Dr. Chakra's statements suggest Brown might suffer from nerve-root impingement, substantial evidence supports the ALJ's decision that he does not meet or equal the rest of the listing's requirements. R. & R., ECF No. 21, PageID.1500-01.

Since there is no "substantial question" as to whether Brown can meet all elements of listing 1.04A, the ALJ did not err in failing to discuss it under Step Three.

### ii. The ALJ's decision does not deprive Brown of a procedural protection.

Brown also argues the ALJ's failure to analyze the listing under Step Three cannot be a harmless error because by failing to do so, the ALJ prevents Brown from seeing how the decision was reached. Obj., ECF 22, PageID.1512-13. The Commissioner points out that Brown's argument is correct as related to the treating physician rule but notes

10

that a listing evaluation involves distinct regulatory and legal criteria. Resp., ECF No. 23, PageID.1519.

An agency's violation of its procedural rules is a reversible error if it deprives a litigant of "substantial rights." *Wilson*, 378 F.3d at 546-47 (quoting *Connor v. United States Civil Service Commission*, 721 F.2d 1054, 1056 (6th Cir. 1983)). However, an agency's (1) failure to follow a procedural rule "adopted for the orderly transaction of business" or (2) minor violation of a procedural protection do not result in such a deprivation and may be a harmless error. *Id.* at 547. In the Sixth Circuit, a Step Three error is harmless where the ALJ's opinion allows the claimant and this Court to review her rationale. *Forrest v. Comm'r of Soc. Sec.*, 591 F.App'x 359, 365 (6th Cir. 2014). Therefore, this Court reviews ALJ decisions for harmless error based on the entire record. *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001).

Brown argues he cannot see the ALJ's rationale for denying his claim because she failed to evaluate listing 1.04A at Step Three. Obj., ECF No. 22, PageID.1513. However, Brown and this Court can review the ALJ's decision-making process by looking elsewhere in the opinion. In *Forrest*, the claimant pointed at two listings that require an inability to ambulate effectively. 591 F.App'x at 366. Although the ALJ provided minimal reasoning at Step Three, in the opinion the ALJ found the claimant could walk without a cane and move furniture, activities which supported a finding the claimant did not meet the listing's requirement.

11

*Id.* The ALJ's thin explanation under Step Three did not deprive the claimant of a procedural right or preclude judicial review because the ALJ provided sufficient explanation elsewhere in the opinion. *Id.* at 364.

Here, Brown is pointing to a listing that requires nerve root impingement. R. & R., ECF No. 21, PageID.1499. ALJ Rosenberg discussed evidence showing Brown does not satisfy this requirement despite failing to name 1.04A. Admin. R., ECF No. 15-8, PageID.696. Specifically, she noted Brown's negative MRIs, intact sensation, and ability to ambulate adequately. *Id.* at PageID.696. Although she discussed this evidence without naming listing 1.04A, her explanation enables both Brown and this Court to see why he does not meet it.

Had the ALJ's opinion specifically named and discussed listing 1.04A at Step Three, it would have more clearly conveyed to Mr. Brown why he is not disabled under that listing. But because the ALJ discussed evidence elsewhere in the record showing how Brown could not satisfy a key requirement of this listing, it is not difficult for either Brown or a reviewing court to put the pieces together to understand why he does not meet this listing. Thus, the ALJ's failure to discuss this evidence under the Step Three heading does not deprive Brown of a procedural protection, and any error is harmless. *Cf. Wilson*, 378 F.3d at 544 (stating the procedural requirement at issue exists for the claimant to understand the outcome of their case and to permit "meaningful review" of the ALJ's analysis) (internal citations omitted).

**b. Judge Grand is not rationalizing the ALJ's decision post hoc.**

Brown also argues the Magistrate Judge is impermissibly substituting his own rationale for the ALJ's failure to evaluate listing 1.04A at Step Three when he points to evidence elsewhere in the record showing Brown failed to meet the listing. Obj. ECF No. 22, PageID.1511. The Commissioner suggests Judge Grand appropriately evaluated the record and correctly found Brown cannot meet or equal listing 1.04A. Resp., ECF No. 23, PageID.1518.

In most circumstances, courts may not speculate on the reasons behind an ALJ's decision. *Hyatt Corp. v. N.L.R.B.*, 939 F.2d 361, 367 (6th Cir. 1991). However, in the Social Security context, a reviewing court may evaluate findings by health professionals to assess if they raise a substantial question as to whether a claimant can meet a listing. *Smith-Johnson*, 579 F.App'x at 435. An ALJ must review all the claimant's impairments to see if the sum is medically equivalent to a listed impairment. 20 C.F.R. § 404.1526(c). Therefore, the reviewing court may consider an ALJ's evaluation of health records that were discussed at other steps of her decision. *Smith-Johnson*, 579 F.App'x at 435 (citing *Bledsoe v. Barnhart*, 165 F.App'x 408, 411 (6th Cir. 2006)). If a claimant suggests medical evidence supports a disability determination under a listing, it is proper for the reviewing court to evaluate whether that

13

evidence actually raises a substantial question in light of the *entire* record. *Smith-Johnson*, 579 F.App'x at 435.

Here, Judge Grand properly examined the record to determine Brown cannot meet listing 1.04A and that the ALJ did not err by failing to discuss it. In *Smith-Johnson*, the ALJ did not discuss a particular listing, but the reviewing court found no reversible error because the evidence did not show the plaintiff could meet that listing's diagnostic definition. 579 F. App'x at 433-34. While Brown claims the ALJ erred by failing to discuss listing 1.04A here, he acknowledges MRI evidence is negative for nerve root impingement. Obj. ECF No. 22, PageID.1515. Judge Grand notes Brown has not tried to prove other elements of the listing and that other objective evidence is unfavorable. R. & R. ECF No. 21, PageID.1501. As in *Smith-Johnson*, Judge Grand's evaluation of these components of the record did not constitute a post-hoc rationalization. *See Smith-Johnson*, 579 F. App'x at 435 ("[T]here is a fine line between a post-hoc rationalization and a determination as to whether the record evidence raises a substantial question. Yet, it is proper for the court to evaluate whether the findings and opinions of . . . health professional[s] . . . raise[] a substantial question.").

Brown relies on *Brock v. Colvin*, 125 F. Supp. 3d 671 (N.D. Ohio 205) and *M.G. v. Commissioner of Social Security*, 861 F. Supp. 2d 846 (E.D. Mich. 2012) to argue the ALJ would not have made the same disability finding had she expressly considered listing 1.04A, *see* Obj.

14

ECF No. 22, PageID.1512, but these cases are inapposite.[2] In *Brock*, the ALJ's conclusion the plaintiff did not meet listing 1.04 was found to be erroneous because the plaintiff presented three MRIs suggesting he could meet it. 125 F. Supp. 3d at 673. In *M.G.*, the claimant also pointed to favorable evidence that created doubt about the ALJ's decision. 861 F. Supp. 2d at 862. In contrast, Brown concedes his MRIs are inadequate to meet listing 1.04A. Obj. ECF No. 22, PageID.1515.

The ALJ's reliance on a medical opinion evaluating Brown under this listing also allows this Court to evaluate the ALJ's Step Three conclusions despite her failure to name that listing. In *M.G.*, the state medical examiner concluded the plaintiff met no listing without identifying any in his evaluation. 861 F. Supp. 2d at 858. By contrast, here Dr. Dinesh Tanna evaluated Brown under listing 1.04A and found he did not meet it. Admin. R., ECF No. 15-9, PageID.761. ALJ Rosenberg gave this opinion "significant weight," which demonstrates sufficient consideration of the listing and provides substantial evidence for her conclusion Brown does not meet it. *Id.* at PageID.698. The ALJ also noted Brown's MRIs were benign. *Id.* at PageID.696. She noted they did not show nerve root encroachment; that plaintiff was able to "ambulate adequately"; and his motor functions, reflexes, and sensation were

---

[2] In addition to being factually dissimilar, Judge Grand notes that *Brock* has been questioned because of its reliance on *Reynolds v. Commissioner of Social Security*, 424 Fed. App'x 411 (6th Cir. 2011), which subsequent Sixth Circuit cases question. *See* RR ECF No. 21, PageID.1498 n. 4.

largely intact. *Id.* Given she discussed this information that is related to the listing's requirements and Dr. Tanna's opinion that Brown did not meet them, her failure to explicitly mention 1.04A under Step Three does not require remand. *See Gower v. Comm'r of Soc. Sec.*, No. 13-14511, 2015 WL 163830 at *9 (E.D. Mich. Jan. 13, 2015) (finding no error even though the ALJ did not discuss specific items of evidence relating to listing 1.04 in Step Three because she discussed negative straight leg tests, muscle strength, and ambulatory ability elsewhere in the decision and gave great weight to a medical opinion concluding the claimant was not disabled despite considering listing 1.04).

The ALJ's reliance on Dr. Tanna and her discussion of relevant evidence elsewhere in the opinion allowed Judge Grand to determine that the ALJ would have found Brown could not meet the listing had she done the same analysis under Step Three, so he is not rationalizing post-hoc.

## 2. The ALJ's RFC likely reflected Brown's mental impairments.

ALJ Rosenberg stated Brown had moderate concentration, persistence, or pace (CPP) deficiencies based on opinions from two doctors. *Id.* In his second Objection, Brown argues the ALJ did not properly include those findings in a hypothetical[3] to the Vocational

---

[3] ALJ Rosenberg's complete hypothetical described an individual who "is limited to working at the light exertional level, but would require a sit/stand option allowing him to change position between sitting or standing as necessary to relieve discomfort up to two to three times per hour; the person can occasionally climb ramps or stairs, but can never

Expert (VE) at hearing. Obj., ECF No. 22, PageID.1513. Further, Brown claims that if the ALJ had considered these limitations along with Brown's physical impairments, she would have found he is unable to work. *Id.* at PageID.1514.

The Commissioner responds that the first doctor, Terrance Mills, Ph.D, did not assess CPP limitations. Resp., ECF No. 23, PageID.1521. The Commissioner points out that while Brown initially argued Dr. Mills' findings were not included in the hypothetical, he now changes his argument to focus on the CPP limitations the ALJ included in her decision. *Id.* Further, there is no error because the RFC the ALJ assessed was consistent with the second opinion from Dr. Beshara, who considered findings by Dr. Mills. *Id.*

A hypothetical question to a VE should include specific job-related restrictions rather than broad limitations. *Edwards v. Barnhart*, 383 F. Supp. 2d 920, 929 (E.D. Mich. 2005). If a credible medical professional puts concrete time-based limits on the claimant's ability to sustain concentration, persistence, or pace, the ALJ must present such restraints to the VE. *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 516 (6th Cir. 2010). However, it is not an error requiring remand for an ALJ to paraphrase

---

climb ladders, ropes, or scaffolds; this person can occasionally stoop, kneel, crouch, or crawl; this person can perform simple, routine tasks and make simple work-related decisions, and is limited to only occasional interaction with supervisors, coworkers, and the public." Admin R., ECF No. 15-8, PageID.737-38.

evaluations finding CPP limitations if no doctor assessed specific time-based restrictions, *Smith-Johnson*, 579 F.App'x at 437, and if elsewhere in the record a medical professional has found those limitations do not prevent the claimant from working. *Cwik v. Comm'r of Soc. Sec.*, No. 10-15121, 2012 WL 1033578, \*10 (E.D. Mich. Feb. 23, 2012), *report and recommendation adopted*, No. 10-15121, 2012 WL 1033527 (E.D. Mich. Mar. 27, 2012); *see also Infantado v. Astrue*, 263 F.App'x 469, 477 (6th Cir. 2008) (overruling claimant's objection to the ALJ's RFC assessment because the ALJ's conclusion that claimant could perform unskilled work was consistent with a doctor's opinion claimant could perform "simple tasks on a sustained basis[]") (internal quotations omitted).

While ALJ Rosenberg's hypothetical to the VE could have been more specific, it nevertheless adequately represented Brown's abilities. No medical examiner prescribed time limitations on his ability to sustain concentration, persistence, or pace. Ultimately, ALJ Rosenberg's conclusion that Brown can perform unskilled work is consistent with medical opinions in the record.

### a. No doctor assessed concrete time-based limitations, and the ALJ otherwise accounted for Brown's CPP deficiencies.

A hypothetical limiting a claimant to "simple, routine, and repetitive tasks" adequately reflects moderate CPP limitations so long as no doctor placed concrete, time-based limitations on the claimant's ability to focus or keep pace. *Smith-Johnson*, 579 F.App'x at 537.

18

In *Ealy,* a doctor found the claimant could perform simple and repetitive tasks in two-hour segments where speed was not critical. 594 F.3d at 516. However, the ALJ posed hypotheticals to the VE describing a person limited to "simple, repetitive tasks and instructions in non-public work settings." *Id.* The court found the ALJ needed to include the two-hour limitation in the hypothetical, and the fact that the ALJ omitted this specific limitation required remand. *Id.*

In contrast, neither Dr. Mills nor Dr. Beshara assessed Brown to have time-based restrictions. Admin. R., ECF No. 15-7, PageID.483; Admin. R., ECF No. 15-3, PageID.233-34. While the hypothetical ALJ Rosenberg posed to the VE is similar to that in *Ealy*, Admin. R., ECF No. 15-8, PageID.738, the lack of any concrete limitations brings Brown's case in line with *Smith-Johnson*. There, the ALJ's hypothetical described a claimant that could perform "simple, routine, repetitive tasks, but must avoid contact with the general public," which did not reflect the precise language the claimant's doctor used in his evaluation. 579 F. App'x at 436. Similarly here, the ALJ's hypothetical described an individual who could "perform simple, routine tasks and make simple, work-related decisions and is limited to only occasional interactions with supervisors, coworkers, and the public." Admin. R., ECF No. 15-7, PageID.738. Although this does not reflect the precise language used by either doctor who assessed Brown's mental impairments, the ALJ sufficiently portrayed Brown's mental impairments in her hypothetical because

19

doctors placed no time-based limitation on Brown's ability to sustain attention or concentration when performing simple tasks. Admin. R., ECF No. 15-7, PageID.483; Admin. R., ECF No. 15-3, PageID.233-34; *see Smith-Johnson*, 579 F. App'x at 437 (finding "the limitation to simple, routine, and repetitive tasks adequately conveys" claimant's moderate CPP limitations because no doctor placed "concrete functional limitations" on claimant's ability focus on routine or repetitive tasks).

Further, the doctor in *Smith-Johnson* found the claimant could perform simple tasks on a sustained basis despite moderate CPP limitations. 579 F. App'x at 437. Here Dr. Beshara likewise found Brown is "not significantly limited" in his ability to sustain an ordinary routine without special supervision despite finding a "moderately limited" ability to maintain attention and concentration over time. Admin. R., ECF No. 15-3, PageID.233. Therefore, as in *Smith-Johnson*, the ALJ's failure to articulate Brown's limitations exactly as his previous doctors does not require remand. 579 F. App'x at 437.

### b. The ALJ's conclusion Brown can work is consistent with medical evaluations.

Additionally, ALJ Rosenberg did not need to include all of Brown's mental limitations in the RFC because her conclusion that he can still perform unskilled work is consistent with a physician's opinion.

Brown cites *Edwards v. Barnhart* to argue the ALJ did not incorporate Dr. Mills' findings into the hypothetical she posed to the VE.

20

Obj., ECF No. 22, PageID.1513. There, the ALJ and a doctor found the claimant had moderate CPP limitations. 383 F. Supp. 2d at 930. However, the ALJ's hypothetical restricting the claimant to jobs entailing no more than simple, routine, unskilled work did not capture potential problems with meeting quotas, staying alert, or keeping pace at an unskilled job. *Id.* Therefore, the VE's response could not support the ALJ's finding that the claimant could still perform unskilled work. *Id.* at 931; *see also Green v. Comm'r of Soc. Sec.*, No. CIV. 08-CV-11398-DT, 2009 WL 2365557, *7, *10-11 (E.D. Mich. July 28, 2009) (remanding because the ALJ relied on *the VE's testimony* stemming from an improper hypothetical in finding the plaintiff could work despite a lack of support elsewhere in the record) (emphasis added). The hypothetical here is similar, but the end result is not based solely on the VE's testimony. Rather, the ALJ's conclusion is also based on Dr. Beshara's finding that Brown can perform unskilled work. *See* Admin. R., ECF No. 15-3, PageID.234. Thus, substantial evidence supports the RFC she assessed.

Dr. Beshara considered Dr. Mills' findings and specifically concluded Brown could still perform unskilled work, which brings this case in line with others in the district that do not remand for a failure to include moderate CPP limitations where the doctor who assessed them ultimately concluded the claimant can work. *Hicks v. Comm'r of Soc. Sec.*, No. 10-13643, 2011 WL 6000701, *8 (E.D. Mich. Nov. 28, 2011) (distinguishing such cases).

While it is preferable to present a hypothetical that draws language directly from medical opinions, the VE's testimony is not the only salient part of the record. Medical opinions concluding that Brown can work provide substantial evidence for the ALJ's RFC. *See, e.g., Chamberlin v. Comm'r of Soc. Sec.*, No. 4:19-CV-10412, 2020 WL 4577146, at *18 (E.D. Mich. Jan. 31, 2020), report and recommendation adopted, No. 19-10412, 2020 WL 2300240 (E.D. Mich. May 8, 2020).

The ALJ also considered both severe and moderate mental impairments Dr. Mills and Dr. Beshara found when opining that Brown can still work. Admin. R., ECF No. 15-8, PageID.697. She further noted Brown had moderate difficulties with social functioning. *Id.* at PageID.695. Despite Brown's statement to the contrary, the ALJ appropriately included Brown's non-severe impairments when determining his RFC. *See* Obj., ECF No., 22 PageID.1514-15.

ALJ Rosenberg's RFC is based on medical findings that Brown can perform unskilled work in addition to the VE's testimony. Therefore, although her hypothetical was imprecise, it is consistent with medical opinions and thus supported by substantial evidence.

### 3. The ALJ did not violate the treating physician rule in discounting Dr. Breese's statements Brown was disabled.

In his third and last Objection, Brown argues the ALJ should not have discounted statements from his treating physician, Dr. Andrea Breese, that concluded he was disabled and states the ALJ did not

properly advise why she gave those statements little weight. Obj., ECF No. 22, PageID.1515. The Commissioner and Judge Grand point out the issue of disability is one reserved for the Commissioner, so Dr. Breese's statements are not "medical opinions," and the ALJ had no duty to afford them any particular weight. Resp., ECF No. 23, PageID.1522; R. & R., ECF No. 21, PageID.1505-06.

For claims occurring prior to March 27, 2017, Social Security ALJs give opinions from treating-source physicians controlling weight that are consistent with the other substantial evidence and "well-supported." 20 C.F.R. §404.1527(c)(2). If the ALJ does not give the treating-source opinion controlling weight, "then the opinion is weighed based on the length, frequency, nature, and extent of the relationship, as well as the treating source's area of specialty and the degree to which the opinion is consistent with the record as a whole." 20 C.F.R. § 404.1527(c)(2); *see also Gayheart*, 710 F.3d at 376. Additionally, if an ALJ discounts a treating-source's opinion, the ALJ must provide "good reasons" that are "supported by the evidence in the case record" for doing so. *Gayheart*, 710 F.3d at 376 (quoting Soc. Sec. Rule. No. 96-2p, 1996 WL 374188, at *5 (Soc. Sec. Admin. July 2, 1996)). This requirement avoids surprising a claimant where a doctor tells the claimant he is disabled but the ALJ finds otherwise, and it also permits meaningful review. *Wilson*, 378 F.3d at 544.

Here, the ALJ did not need to give Brown's treating physician's opinion he was disabled controlling weight because her statements are not "opinions" within the regulation's definition. But even if they were taken as such, ALJ Rosenberg provided "good reasons" for discounting them. And finally, even if the ALJ erred by not considering each regulatory factor, the error is harmless because Dr. Breese's statements are "patently deficient," and the ALJ's explanation meets the goal of the treating physician rule.

### a. Dr. Breese's statements are likely not "medical opinions" because they are on an issue reserved for the Commissioner and are conclusory.

Brown points to two statements in the record from Dr. Breese declaring that Brown is disabled, and further argues observable spinal conditions may account for the pain Breese thought disabled Brown. Obj., ECF No. 22, PageID.1516. However, Judge Grand notes Breese's statements do not meet the regulatory definition of "medical opinion" because they declare Brown to be disabled, which is an issue reserved for the Commissioner. R. & R., ECF No. 21, PageID.1505-06. The Government argues this is a sufficient reason to reject that opinion. Resp., ECF No. 23, PageID.1522.

The SSDI regulations define "[m]edical opinions" as "statements from acceptable medical sources that reflect judgments about the nature and severity of [the claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do

24

despite the impairments, and [the claimant's] physical or mental restrictions." 20 C.F.R. § 404.1527(a)(1). An opinion that a claimant is disabled is not a "medical opinion" because this is a dispositive issue reserved for the Commissioner. *Id.* § 404.1527 (d)(1). Further, ALJs need not follow a treating physician's conclusory or unexplained opinion. *Cohen v. Sec. of Health & Human Services*, 962 F.2d 524, 528 (6th Cir. 1992).

Dr. Breese's statements are not medical opinions because they merely state, without any underlying analysis, that Brown is disabled. In *McKinney v. Saul*, No. 7:19-CV-060-CHB, 2020 WL 4678412 (E.D. Ky. Aug. 12, 2020), a treating doctor wrote the plaintiff was disabled without explanation or diagnosis. *Id.* at *2. The court concluded that the statement in *McKinney* opined on an issue left to the Commissioner, so it was not an opinion within the meaning of the regulation. *Id.* at *6. Here, the first statement Brown points to is in the form of a box that Dr. Breese checked on a housing application next to a statement that "the individual identified above . . . is disabled because of back pain." Admin. R., ECF No. 15-7, PageID.494. As in *McKinney*, Dr. Breese did not discuss evidence supporting this conclusion. *See* Admin. R., ECF No. 15-7, PageID.494.

Dr. Breese's second statement is a letter stating Brown has been unable to work because of back pain and notes that MRIs show a disc disease. Admin. R., ECF No. 15-7, PageID.534. Although this statement

25

is more than a checked box, it is equally conclusory. In *Bass v. McMahon*, 499 F.3d 506 (6th Cir. 2007), a doctor also stated the claimant had disabling lower back pain. *Id.* at 510. However, the court found that doctor "gave no medical opinion" regarding the claimant's ability to ambulate because the doctor's statements were mere observations, not diagnoses. *Id.* Similarly here, Dr. Breese made an observation regarding Brown's pain. Admin. R., ECF No. 15-7, PageID.534. Just as Bass' doctor never drew a connection between Bass' inability to work and any diagnosed condition, *Bass*, 499 F.3d at 510, Dr. Breese did not state Brown could not work *because of* a diagnosed disorder. *See* Admin. R., ECF No. 15-7, PageID.534. Further, Brown has acknowledged the MRI results Dr. Breese references undermine her conclusion he is disabled. Obj., ECF No. 22, PageID.1515.

While Dr. Breese stated Brown is disabled, this is something the Commissioner determines. Additionally, both of her statements on the issue are conclusory. Therefore, they are not medical opinions, and the ALJ permissibly disregarded both.

**b. The ALJ provided "good reasons" for discounting Dr. Breese's statements.**

Brown alternatively argues the ALJ violated procedural requirements by failing to go through the factors an ALJ must discuss when disregarding a treating physician's opinion. *See* Obj., ECF No. 22, PageID.1515. However, the government asserts the ALJ provided

26

sufficient reasoning by noting Breese's statements are not medical opinions and are unsupported by objective medical records. Resp., ECF No. 23, PageID.1523.

The ALJ need not evaluate every factor listed in the regulation so long as she provides good reasons for (1) not affording the physician's opinion controlling weight and (2) for the ultimate weighing of the opinion. *Biestek v. Comm'r of Soc. Sec.*, 880 F.3d 778, 785 (6th Cir. 2017), *aff'd sub nom. Biestek v. Berryhill*, 139 S. Ct. 1148 (2019). If the treating physician's opinion is on whether the claimant is disabled or unable to work, the ALJ need only explain the consideration given to the opinion. *Turner v. Comm'r of Soc. Sec.*, 381 F. App'x 488, 493 (6th Cir. 2010).

ALJ Rosenberg's statement that Dr. Breese opined on a reserved issue sufficiently explains her decision to afford it little weight. In *Turner*, a doctor provided a summary statement stating Turner could not work. *Id.* at 493. The court found the ALJ provided "good reasons" for rejecting the doctor's opinion by noting it spoke to an issue reserved for the Commissioner. *Id.* ALJ Rosenberg concluded likewise here. Admin. R., ECF No. 15-8, PageID.698.

In fact, ALJ Rosenberg went further, providing "good reasons" describing why Dr. Breese's opinion is not supported. *Id.* In *Turner* that ALJ's rejection was found to be supported by substantial evidence because no other medical source concluded Turner could not perform

light work. 381 F. App'x at 493. Here, ALJ Rosenberg relied on Dr. Tanna, who concluded Brown could still perform light work after evaluating his complaints and substantial physical impairments. Admin. R., ECF No. 15-8, PageID.697. She also noted Dr. Breese's conclusions only referenced negative MRI results and did not prescribe specific work limitations. *Id.* As in *Turner*, her decision to give "little weight" to Dr. Breese's statements is supported by substantial evidence.

### c. Dr. Breese's statements are "patently deficient."

Brown argues Dr. Chakra's observations of pain and numbness support the disabling pain Dr. Breese found. Obj., ECF No. 22, PageID.1516. While Brown asserts this could show nerve root impingement, the Government points out that Dr. Chakra's findings merely reflect Brown's subjective complaints and that Brown admits MRIs contradict his assertion. Resp., ECF No. 23, PageID.1522.

In some circumstances, a failure to provide "good reasons" for discounting the opinion of a treating source might be "harmless error." *Friend v. Comm'r of Soc. Sec.*, 375 F. App'x 543, 551 (6th Cir. 2014). A violation of this procedural requirement may be harmless error if (1) "a treating source's opinion is so patently deficient that the Commissioner could not possibly credit it"; (2) "if the Commissioner adopts the opinion of the treating source or makes findings consistent with the opinion"; or (3) "where the Commissioner has met the goal of § 1527(c)(2)—the

provision of the procedural safeguard of reasons—even though she has not complied with the terms of the regulation." 378 F.3d at 547.

An opinion is "patently deficient" when it is not "well-supported by medically acceptable clinical and laboratory diagnostic techniques." *Watters v. Comm'r of Soc. Sec. Admin.*, 530 F.App'x 419, 423 (6th Cir. 2013). Dr. Breese's statements that Brown is disabled fall into this category. The only support for her conclusions Brown points to is Dr. Chakra's observations, which drew no link between Brown's "fluctuating" and "intermittent" lower back and leg pain and any medical diagnosis. Admin. R., ECF No. 15-13, PageID.1265. This report offers nothing more than Brown's subjective description of his pain. *See Bass*, 499 F.3d at 510 ("Observations about plaintiff's gait and ambulation . . . are more like statements by plaintiff about his conditions). The rest of Dr. Chakra's treatment note plainly reflects Brown's own statements. Admin. R., ECF No. 15-13, PageID.1265 ("The patient describes pain as numbness and tingling."). Additionally, evidence from "medically acceptable clinical and laboratory diagnostic techniques" elsewhere in the record actually undermines Dr. Breese's opinion. *See* R. & R., ECF No. 21, PageID.1507 n. 10.

Alternatively, if the ALJ's decision accomplished the goal of § 1527(c)(2), which is to explain the weight given to the treating source's medical opinion and permit meaningful review, the ALJ's failure to strictly comply with the procedural requirement is a harmless error.

*Friend v. Comm'r of Soc. Sec.*, 375 F. App'x at 547. This Court may consider the record as a whole to determine whether the ALJ weighted the opinion consistent with substantial record evidence, which would satisfy the purpose of § 1527(c)(2). *See Heston*, 245 F.3d 528, 536 (6th Cir. 2001) (finding the failure to provide an explanation of weight given to a treating source's opinion was harmless error).

Finally, the ALJ's discussion of Dr. Breese's statements and other record evidence allow Brown and this Court to see why she gave those statements little weight, so she satisfied the purpose of the "good reasons" rule. *See generally Cangialosi v. Comm'r of Soc. Sec.*, No. 13-10210, 2014 WL 1260711, *3-5 (E.D. Mich. Mar. 27, 2014) (holding "it was clear" why the ALJ thought evidence was inconsistent with statements that the claimant had a limited ability to sit, stand, and walk because the ALJ discussed each evaluation and summarized record evidence in detail). ALJ Rosenberg explained that MRI evidence contradicts Dr. Breese's opinion and noted Brown's evaluations finding Brown could "ambulate adequately," "retain[ed] a functional range of motion," and had "largely intact" neurological functioning. Admin. R., ECF No. 15-7, PageID.698, 696. Because ALJ Rosenberg's reasoning is clear in the record, she did not fail to comply with the "good reasons" requirement.

## IV.   CONCLUSION

For all of the above reasons, the Court hereby **ACCEPTS AND ADOPTS** Magistrate Judge Grand's report and recommendation (ECF No. 21) as this Court's findings of fact and conclusions of law. Plaintiff's motion for summary judgment (ECF No. 17) is **DENIED**, Defendant's motion for summary judgment (ECF No. 19) is **GRANTED**, and the findings and conclusions of the Commissioner are **AFFIRMED**.


DATED this 30th day of July, 2021.


BY THE COURT:



/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge